

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**TRACI KRASNE**
Labor and Employment Law Division
Phone: (212) 356-2451
Email: trkrasne@law.nyc.gov

June 14, 2023

**Via ECF**
Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East, 6A South
Brooklyn, New York 11201

      Re:  <u>Javier Vasquez v. New York Office of the Mayor</u>
            No. 22-CV-5068 (HG) (VMS)

Dear Judge Gonzalez:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for the defendant New York Office of the Mayor in the above-referenced matter. In accord with Your Honor's Individual Rule IV.A.2, I write to respectfully request a pre-motion conference to discuss defendant's proposed amendment to its pending motion to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to assert an additional claim that Plaintiff's SHRL and CHRL claims are barred by his election of remedies to pursue such claims before the New York State Division of Human Rights and its finding of No Probable Cause.

      Plaintiff, a firefighter formerly employed by the City with the FDNY, brings this action pro se asserting numerous claims arising from the decision by the FDNY to deny his request to be excused, on religious grounds, from the covid vaccine mandate applicable to City employees.[1] Plaintiff asserts claims of discrimination based on religion, national origin, and disability, and retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C.

---

[1] After commencing this action last summer, Plaintiff separately filed an Article 78 proceeding, Index # 533122/2022 (N.Y. Sup. Ct., Kings Cty.), challenging the procedure by which he was terminated from the FDNY and asserting that the FDNY's denial of his request for a religious accommodation and subsequent termination for failing to comply with the covid vaccine mandate for City employees violated his rights under the CHRL. The Court granted Plaintiff's state court petition and ordered Plaintiff to be reinstated with backpay. The decision is currently being appealed. Defendant also filed a motion for relief from the state court judgment in light of the SDHR's no probable cause determination, which is currently pending.

§§ 12101, et seq.; Code of Federal Regulations 21 C.F.R. § 50.23, Health Insurance Portability and Accountability Act ("HIPAA"), The Declaration of Independence, the First Amendment, the National Labor Relations Act ("NLRA"), the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; the Occupational Safety and Health Administration Act ("OSHA"); the New York State Executive Law §§ 290, et seq. ("SHRL"); the New York City Administrative Code §§ 8-101, et seq. ("CHRL"); FDNY Equal Employment Opportunity; and NYS Executive Department Handbook. See id. Plaintiff's basis for the allegation of discrimination is that his request for his reasonable accommodation to by exempt from the City's covid-19 vaccination requirement was denied. See id.

Defendant filed a motion to dismiss this proceeding on March 31, 2023. See ECF Dkt. Nos. 16-20. Defendant argues that the complaint should be dismissed on the following grounds: (1) there is no private right of action under OSHA, HIPAA, the Declaration of Independence or the NLRA; (2) Plaintiff's disability and national origin claims under Title VII and ADA are barred because Plaintiff did not exhaust his administrative remedies prior to commencing this action; (3) Plaintiff fails to plausibly allege any constitutional violations; and (4) Plaintiff does not plausibly allege any violations or plausible claims under the CARES Act, the NYS Executive Department Handbook, FDNY Equal Employment Opportunity Policy, 21 C.F.R. § 50.23. Further, to the extent the Court considers Plaintiff's disability and national origin claims under Title VII and ADA, the Complaint must still be dismissed because Plaintiff fails to state a claim of discrimination, hostile work environment, retaliation or failure to promote under Title VII, SHRL, CHRL, or the ADA because he does not plausibly plead facts from which even a minimal inference of discrimination can be inferred.

Plaintiff was given an extension of time to file his opposition to this proceeding and his opposition is currently due on June 20, 2023. See ECF Dkt. No. 24. Defendant's reply is currently due July 13, 2023. See id. In the interim, the New York State Division of Human Rights ("SDHR") issued a decision on Plaintiff's previously filed SDHR complaint. See Copy of SDHR Complaint and Determination And Order After Investigation annexed as Exhibit A. The SDHR found that there is no probable cause to believe that FDNY engaged in or is engaging in unlawful discriminatory practice. See id. Thus, Plaintiff's SHRL and CHRL claims are barred by the election of remedies doctrine.

"NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." York v. Association of the Bar of the City of New York, 286 F.3d 122, 127 (2d Cir 2002); see N.Y. Exec. L. § 297(9); N.Y.C. Admin. Code § 8-502(a); see also Bleichert v. N.Y. State Educ. Dep't, 793 F. App'x 32, 34-35 (2d Cir. 2019). "[T]he election of remedies doctrine 'also precludes consideration of any claim—whether brought under the NYSHRL or the NYCHRL—arising out of the same incident on which [the plaintiff's NYSDHR] complaint was based.'" Woolfolk v. New York City Dep't. of Educ., No. 19 Civ. 3706, 2020 U.S. Dist. LEXIS 46948, at *23-24 (S.D.N.Y. Mar. 18, 2020) (quoting Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011)); Tsekhanskaya v. City of New York, No. 18-cv-7273 (KAM)(LB), 2020 U.S. Dist. LEXIS 179477, at *24-26 (E.D.N.Y. Sept. 29, 2020). Even incidents that "postdate Plaintiff's [] SDHR filing . . . [which] are just more of the same conduct alleged in the SDHR action . . . are barred by election of remedies." Carrington v. New York City Hum. Resources Admin., No. 19 Civ. 10301, 2020 U.S. Dist. LEXIS 83838, at *10-12 (S.D.N.Y. May 12, 2020); Black v. Anheuser-Busch In Bev, No. 14 Civ. 2693, 2016 U.S.

- 3 -

Dist. LEXIS 91057, at *10-14 (S.D.N.Y. July 13, 2016) ("A different pled form of relief arising out of the same incident forming the basis of the claims before the [SDHR] is likewise barred by the election of remedies provision.").

Plaintiff brings the instant action alleging the same claims of religious discrimination and based on the same allegations as those in his SDHR Complaint: that the denial of his accommodation request to be exempt from the covid vaccine was religious discrimination. See Complaint, ECF Dkt. No. 1 at 5. Because the SDHR determined there was "no probable cause" to show Defendant "engaged in or are engaging in the unlawful discriminatory practice [Plaintiff] complained of," the election of remedies bars Plaintiff's SHRL and CHRL claims in this proceeding. See Tsekhanskaya, 2020 U.S. Dist. LEXIS 179477, at *24-26. This bar includes Plaintiff's pleaded claim that he was terminated for failing to get the covid vaccine because this claim "aris[es] out of the same incident on which [plaintiff's] SDHR complaint was based." See id. at *25 (quoting Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 188 (S.D.N.Y. 2011)).

Thus, Defendant respectfully requests that the Court permit it supplement its motion to dismiss the Complaint seeking dismissal of Plaintiff's SHRL and CHRL claims as barred by the election of remedies doctrine in addition to the reasons set forth in Defendant's pending motion to dismiss.

Thank you for your consideration of this request.

                                                Respectfully submitted,

                                                */s/ Traci Krasne*
                                                Traci Krasne
                                                Assistant Corporation Counsel

cc:      Javier Vasquez (By First Class Mail and Email)
          Plaintiff *Pro se*
          12 Velde Court
          Montgomery, NY 12549
          mr.j.vasq@gmail.com