UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAVIER VASQUEZ,

        Plaintiff,

v.

CITY OF NEW YORK – OFFICE OF THE MAYOR,

        Defendant.

**MEMORANDUM & ORDER**
22-CV-05068 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Javier Vasquez sued the City of New York, "alleg[ing] that he was terminated from his employment with the FDNY [New York City Fire Department] because he did not comply with the City's requirement that City employees be vaccinated against COVID-19." *See Vasquez v. City of New York*, No. 20-cv-05068, 2024 WL 1348702, at *1 (E.D.N.Y. Mar. 30, 2024).[1] Plaintiff seeks reconsideration of this Court's prior Order on Defendant's motion to dismiss, which dismissed his First Amendment claims and denied him leave to amend. *See generally id.* Because Plaintiff has failed to identify any controlling law or facts overlooked by the Court in its prior Order, the Court denies his motion for reconsideration.

## BACKGROUND

    On March 30, 2024, the Court granted Defendant's motion to dismiss all claims except then-*pro se* Plaintiff's Title VII claim for religious discrimination based on Defendant's alleged failure to accommodate. *See id.* at *15. Plaintiff then obtained counsel and, on April 12, 2024, filed a motion styled as a "Motion to Alter or Amend the Judgment Under F.R.C.P. 59(e) and/or

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

f[or] Relief from the Judgment Under F.R.C.P. 60(b) and/or for Reconsideration or Reargument Pursuant to Local Civil Rule 6.3 and for Leave to Amend the Complaint Under F.R.C.P. 15." *See* ECF No. 40.  On April 13, 2024, the Court struck that motion for failure to comply with the Court's Individual Practices, explained that it would not entertain a motion under Federal Rules 59(e) and 60(b) because there was no judgment or final order, and would also not entertain a motion to amend the Complaint without a pre-motion conference letter, as required by the Court's Individual Practices.  *See* Apr. 13, 2024, Text Order.  Later that day, Plaintiff refiled his motion, now styled as a motion for reconsideration under Local Civil Rule 6.3, but still making reference to Rules 59(e) and 60(b).  *See* ECF No. 41.  On April 29, 2024, Defendant filed its opposition.  *See* ECF No. 51.

## LEGAL STANDARD

Local Civil Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Under the rule, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *See Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "[A] motion for reconsideration is not a vehicle for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *See Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001).  In other words, "a party may not advance new facts, issues or arguments not previously presented to the court."  *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999).

## **DISCUSSION**

As the Court previously indicated, it construes Plaintiff's motion only under Local Civil Rule 6.3. *See* Apr. 13, 2024, Text Order. Plaintiff seeks reconsideration as to two issues. First, Plaintiff asks the Court to revisit its Order dismissing Plaintiff's First Amendment claims. *See* ECF No. 41-1 at 7.[2] Second, Plaintiff seeks "reconsideration of the Court's refusal to grant leave to amend the complaint." *See id.* Neither argument has merit.

> *A. Plaintiff's Motion to Reconsider the Dismissal of Plaintiff's First Amendment Claims Is Denied*

In its prior Order, the Court dismissed Plaintiff's claim that the vaccine mandate violated the First Amendment's Free Exercise Clause. *Vasquez*, 2024 WL 1348702, at *10. Relying on *Kane v. De Blasio*, 19 F.4th 152, 164–66 (2d Cir. 2021), the Court explained that "the Second Circuit has already ruled that a vaccine mandate applicable to, among others, Department of Education staff, and like the one at issue here, did not violate the First Amendment." *Vasquez*, 2024 WL 1348702, at *10. It added that "[t]he Second Circuit found that the mandate was neutral and generally applicable, and accordingly, survived rational basis review as 'a reasonable exercise of the State's power to act to protect the public health.'" *Id.* (quoting *Kane*, 19 F.4th at 166). The Court went on to explain that "Plaintiff advance[d] no plausible allegations that would lead the Court to a different outcome in this case, as he d[id] not allege that the accommodation process employed by the FDNY with respect to any of the mandates he was subject to was not neutral or generally applicable." *Vasquez*, 2024 WL 1348702, at *10. On this point, the Court cited to *Bonilla v. City of New York*, No. 22-cv-7113, 2023 WL 8372859, at *5 (S.D.N.Y. Dec. 2, 2023), in which, as the Court explained in its Order, the district court "reject[ed] [an] as-applied challenge to [a] vaccination requirement in part because plaintiff failed to allege that [the]

---

[2] The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

3

citywide appeals process was not neutral or generally applicable." *Vasquez*, 2024 WL 1348702, at *10.

Plaintiff now claims that the Court ruled on the constitutionality of the vaccine mandate but "mistakenly overlooked the crux of Plaintiff's [F]ree [E]xercise claim – that the Defendants' [sic] *refused to accommodate* [Plaintiff]" and that "[i]t is the failure to accommodate that substantially burdened his free exercise of religion." *See* ECF No. 41-1 at 19; *see also id.* at 20 ("[I]t is not the *vaccine mandate* itself being challenged; rather it is the Defendants' [sic] refusal to accommodate the Plaintiff that must be analyzed for neutrality and general applicability."). Plaintiff suggests that the Court overlooked the portion of Plaintiff's Complaint in which he alleged religious discrimination because he was "[d]enied 2 [r]eligious exemptions." *See id.* at 19 (quoting ECF No. 1 at 5). In view of the Court's prior Order, Plaintiff's argument is striking. To be sure, the Court cited *Kane* for the proposition that the vaccine mandate itself was constitutional. *Vasquez*, 2024 WL 1348702, at *10. But in the very next sentence, this Court found that Plaintiff failed to state a claim based on an as-applied challenge, explaining that Plaintiff "d[id] not allege that the accommodation process employed by the FDNY with respect to any of the mandates he was subject to was not neutral or generally applicable." *Id.*

Plaintiff resists this conclusion. First, he claims that "[t]he City did not give [Plaintiff] a reason for the denial of his religious accommodation." ECF No. 41-1 at 20. He then cites to an affidavit from the City filed in a separate state court proceeding, in which it represented:

> After a thorough review of all the documentation provided by both Petitioner and the FDNY, the Panel voted to affirm the denial of the reasonable accommodation. The Panel voted to affirm the denial of the reasonable accommodation because the FDNY established an undue hardship if the Petitioner's [reasonable accommodation] were to be granted. Petitioner did not articulate any other instances of vaccine and/or medicine refusal other than his refusal of the COVID-19 vaccination. Moreover, the belief articulated a prohibition from taking a vaccine that contains cells from aborted fetuses was inapplicable to COVID-I9 vaccines because they do not contain cells from aborted fetuses. Finally,

4

> Petitioner did not set forth how his religious beliefs conflict with the vaccine requirement.  The Panel also voted to affirm based on undue burden to the FDNY.  In this regard, the Panel was mindful that the FDNY was to consider both Petitioner's individual work circumstances and their role within the FDNY as well as the cumulative effect that any accommodation, if granted, would have on the ability of the FDNY to operate under the criteria set forth by federal, state, and local laws.

*See* ECF No. 41-1 at 20–21 (citing ECF No. 41-9 ¶ 30).  In support of his argument, Plaintiff invokes *Kane*, *see* ECF No. 41-1 at 7, 25–29, in which the Second Circuit held that the plaintiffs, who were subject to a different mandate, were "entitle[d] to preliminary relief on the narrow ground that the procedures employed to assess their religious accommodation claims were likely constitutionally infirm as applied to them."  *See Kane*, 19 F.4th at 158–59.  Specifically, the Second Circuit concluded that those plaintiffs demonstrated a likelihood of success on the merits because the City's accommodation standards were neither neutral, running afoul of the First Amendment by questioning the validity of plaintiffs' religious beliefs, nor generally applicable, because of the "substantial discretion" afforded to those responsible for religious accommodation requests, as well as the inconsistent application of that discretion.  *See id.* at 168–69.  The Second Circuit therefore examined the accommodation procedures under strict scrutiny and concluded that they were not narrowly tailored to the State's interest in preventing the spread of COVID-19.  *See id.* at 169.

    Now, Plaintiff argues that his case is just like the as-applied challenge in *Kane* because he was required to "submit a letter from his 'religious leader'" and because the City had "substantial discretion" in handling his request.  *See* ECF No. 41-1 at 27–28.  Unfortunately for Plaintiff, none of these new legal arguments nor any of his new factual averments are proper on a motion for reconsideration.  It is telling that all he cites from his original Complaint is the barebones allegation that he was denied religious exemptions, a point the Court considered both in this and the Title VII context.  *See* ECF No. 41-1 at 19.  Rather than identifying any controlling law or

5

facts that the Court "overlooked," *see Johnson*, 82 F. Supp. 3d at 535–36, Plaintiff has instead effectively presented an amended complaint replete with new facts as well as filed a new opposition to Defendant's motion to dismiss. But merely asserting that the Court missed the "crux" of the argument Plaintiff initially advanced, *see* ECF No. 41-1 at 19, does not give him permission to start from scratch after receiving an unfavorable decision. In any case, Plaintiff's assertion is wrong because the Court made clear that it examined the Complaint's allegations and specifically dismissed the kind of as-applied challenge to the FDNY's accommodation process that he now advances in significant detail. *See Vasquez*, 2024 WL 1348702, at *10. In sum, granting Plaintiff's motion would violate the settled rules that a motion for reconsideration is not simply a vehicle for "securing a rehearing on the merits," *see Davidson*, 172 F. Supp. 2d at 464, nor an opportunity "to relitigate an issue already decided," *see Shrader*, 70 F.3d at 257.

> B. *Plaintiff's Motion to Reconsider the Court's Denial of Leave to Amend Is Denied*

In its Order on Defendant's motion to dismiss, the Court denied Plaintiff leave to amend on the basis that (i) with respect to the surviving failure to accommodate claim, leave to amend was unnecessary, and (ii) with respect to the dismissed claims, leave to amend would be futile. *See Vasquez*, 2024 WL 1348702, at *14–15. Plaintiff claims that he seeks "reconsideration of the Court's refusal to grant leave to amend . . . . to add the facts to support the First Amendment claim." *See* ECF No. 41-1 at 7. That argument is a nonstarter because Plaintiff does not even try to articulate "the matters or controlling decisions which counsel believes the Court has overlooked" in denying leave to amend. Local Civ. R. 6.3. Instead, Plaintiff invokes the standard under Rule 15, which governs leave to amend. ECF No. 41-1 at 30. But as the Court has already explicitly informed Plaintiff, motions for reconsideration are governed by a different standard. To the extent Plaintiff seeks leave to amend under Rule 15, he must comply with this

6

Court's pre-motion conference letter requirements. *See* Apr. 13, 2024, Text Order. He has not done so.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration, ECF No. 41, is DENIED.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
        April 30, 2024