

The Law Offices of
## Christina  M. Martinez

245 Bricktown Way, Suite J
Staten Island, New York 10309
ChristinaMartinezEsq@gmail.com
T: (347) 215-4543
F: (718) 556-2007
*Admitted in:*
*New York & New Jersey*

May 23, 2025

*Via ECF*
Honorable Hector Gonzalez
United States District Court
Eastern District of New York

**RE:**     ***Vasquez v. City of New York*, No. 22-cv-05068 (HG) (VMS)**
**Plaintiff's Response to Defendants' Pre-Motion Letter for Summary Judgment**

Dear Judge Gonzalez:

I write in response to Defendants' pre-motion letter dated April 30, 2025 (ECF No. 78), requesting leave to file a fully dispositive motion for summary judgment. For the reasons set forth below which will be elucidated in Plaintiff's forthcoming motion for summary judgment, and as demonstrated in Plaintiff's Statement of Material Facts and Plaintiff's Responses to Defendant's Statement of Material Facts, Plaintiff respectfully submits that summary judgment should be denied.

## A.  Plaintiff Sufficiently Alleged a Bona Fide Religious Belief

Defendant grossly misrepresents Plaintiff's beliefs by isolating a single sentence from his accommodation request— his reference to the vaccine killing his father, which he believes was used by Satan as a weapon against him (Pl. Responses to Def. SOMF ¶21) —while ignoring the numerous scriptural references, theological explanations, and spiritual significance underlying his objection. This is not an isolated personal view but part of a consistent and well-articulated religious framework. Far from being a personal or medical concern, Plaintiff's belief that the vaccine caused his father's death is entirely consistent with his religious conviction that the vaccine is an "evil tool" wielded by Satan to harm the people of God and defile the human body, which he regards as the temple of the Holy Spirit. (Pl. SOMF ¶¶ 5, 10, 13). This belief is not incidental—it is deeply rooted in Plaintiff's understanding of Scripture and spiritual warfare. His religious accommodation request repeatedly references scripture, condemns abortion as a grave sin, and asserts that receiving the vaccine would sever his relationship with God. (Pl. SOMF ¶¶ 25-27). Defendants' selective quotation of a single line ignores the full context and sincerity of Plaintiff's beliefs and misleads the Court about the true basis of his objection.

Plaintiff's deposition testimony further confirmed that his beliefs stem from his faith as a Christian Israelite (Pl. SOMF ¶ 2), a sect grounded in Scripture. (Pl. SOMF ¶ 11). In accordance with his religious beliefs, Plaintiff refuses all vaccines for himself and his children, who have

1

religious exemptions to attend school (Pl. SOMF ¶¶ 13-14) and were previously homeschooled for religious reasons (Pl. SOMF ¶ 20). He also refuses pork and bottom-feeders such as shrimp and shellfish (Pl. SOMF ¶ 18), prays daily and studies scripture (Pl. SOMF ¶ 19), and consistently attends church (Pl. SOMF ¶ 3), among other religious practices. He also testified extensively about the vaccine's evil nature and conflict with his religious beliefs. (Pl. SOMF ¶¶ 4-12).

## B. Plaintiff Notified the City of His Religious Objection

The City also falsely claims that Plaintiff failed to notify the FDNY of a religious basis for his request. This misstates the record. Plaintiff timely submitted a written accommodation request, expressly stating that the vaccine violated his religious beliefs due to its association with aborted fetal cell line, its origin from Satan and evil nature, and explaining that receiving the vaccine would sever his relationship with God and result in spiritual consequences. (Pl. SOMF ¶¶ 25–27.) The FDNY acknowledged receipt, processed the request, and denied it. (Def. SOMF, ECF Doc. No. 78-1, ¶¶14, 19). This satisfies the second prong of the prima facie case. "An employer need have 'only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements'." *Hickey v. State Univ. of New York at Stony Brook Hosp.*, 2012 WL 3064170, at *7 (E.D.N.Y. July 27, 2012) (quoting *Brown v. Polk Cnty., Iowa*, 61 F.3d 650, 654 (8th Cir. 1995), *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1439 (9th Cir.1993); *accord Chalmers v. Tulon Co. of Richmond,* 101 F.3d 1012, 1020 (4th Cir.1996); *Dixon v. The Hallmark Cos., Inc.,* 627 F.3d 849, 856 (11th Cir. 2010)).

## C. Plaintiff Was Terminated as a Result of the Denial

The City argues Plaintiff was not "disciplined" but merely failed to meet a condition of employment is "just flat wrong". *Rizzo v. New York City Dep't of Sanitation*, No. 23-CV-7190 (JMF), 2024 WL 3274455, at *3 (S.D.N.Y. July 2, 2024) (internal citations omitted) (rejecting the City's argument that termination did not satisfy the third prong of the prima facie test because termination for failure to satisfy a qualification of employment is not discipline). Plaintiff was actively working in a Light Duty assignment, submitting to weekly testing, when his request was denied and he was placed on involuntary leave and then terminated. (Pl. SOMF ¶¶ 33, 132–134.) The adverse action followed directly from his refusal to violate his faith. That is sufficient to establish causation. The City's effort to reframe the denial and termination as nondisciplinary is frivolous. *Zelnick v. Fashion Inst. Tech.*, 464 F.3d 217, 225 (2d Cir. 2006) (termination qualifies as adverse employment actions for purposes of Title VII claims); *Bowles v. New York City Transit Auth.*, 285 F. App'x 812, 813 (2d Cir. 2008) (discipline prong of failure to accommodate prima facie case satisfied by "adverse employment action, " which includes "termination of employment").

## D. Defendants Cannot Establish Undue Hardship

Defendant argues that Plaintiff could have been reassigned to full-duty firefighter responsibilities at any time, and thus his unvaccinated status created an undue hardship. This

2

argument borders on the absurd. Title VII does not permit an employer to preemptively terminate an employee based on the speculative possibility that he *might* return to a different position in the future. An accommodation must be evaluated based on the employee's actual job duties at the time—not hypothetical assignments that may never materialize. Moreover, The FDNY's own Chief Medical Officer and Medical Committee found Plaintiff to be permanently unfit to return to full duty. (Ex. 23, Letter from FDNY Chief Medical Officer).

And even if Plaintiff were returned to full duty, Defendants still could not meet their burden. The FDNY granted religious and medical accommodations to other full-duty firefighters, EMTs, and personnel who engaged in direct contact with vulnerable citizens during emergencies. (Pl. SOMF ¶¶ 88–99.) Plaintiff, by contrast, worked a desk job at the Fire Department Operations Center ("FDOC"), where personnel were spaced apart and performed office-based duties. (Vasquez Decl. ¶10-13, 18-21). Prior to that, he had been assigned to a solitary post in a security booth at Randall's Island, working alone. (SOMF ¶ 31). The FDNY reassigned him to FDOC in August 2021 (Ex. 6, FDNY Revised Light Duty Detail) *knowing he was unvaccinated (*see Def. SOMF ¶2; Vasquez Decl. ¶¶8-9) , and Defendant admits it never considered moving him back to his prior, completely isolated assignment. (Pl. SOMF ¶55). Instead, they simply terminated him.

Defendant's claim of undue hardship is flatly contradicted by the record. Plaintiff was permitted to work while unvaccinated from October 2021 through July 2022 under a weekly testing protocol, which he was willing to continue. (Pl. SOMF ¶¶ 33, 37.) That system functioned without disruption for nearly a year.

More importantly, under Title VII and as clarified by *Groff v. DeJoy*, 600 U.S. 447 (2023), an employer cannot reject a religious accommodation merely by asserting that the requested accommodation poses a burden. It must also show that no reasonable alternative could mitigate that burden. "It would not be enough for an employer to conclude that forcing other employees to work overtime would constitute an undue hardship. Consideration of other options … would also be necessary." *Id.* at 473. Here, the City admits that it considered only weekly testing and failed to evaluate any other accommodations—such as a return to his prior solitary Light Duty post, reassignment, social distancing, conducting his Light Duty assignment remotely, use of accrued leave, paid or even unpaid leave. (Pl. SOMF ¶¶ 70–84.) This failure is per se insufficient under *Groff*. Because Defendants admit they considered no alternatives, they cannot meet their burden as a matter of law. Plaintiff is entitled to summary judgment on the issue of undue hardship.

For the reasons above, Plaintiff respectfully submits that Defendants' request to file a summary judgment motion lacks merit. Plaintiff will oppose any such motion on the full record, including over 130 undisputed material facts and the FDNY's failure to satisfy its obligations under Title VII post-*Groff*. Thank you for Your Honor's consideration.

Respectfully submitted,

Christina Martinez, Esq.

3