**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

JAVIER VASQUEZ,                                       :              22-CV-05068 (HG) (VMS)

                       *Plaintiff*,            :

                    v.                    :

CITY OF NEW YORK – OFFICE OF THE       :              **ORAL ARGUMENT**
MAYOR,                                                                          **REQUESTED**

                    *Defendant*.            :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL CIVIL RULE 6.3**

Christina Martinez, Esq.
Law Offices of Christina M. Martinez
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
ChristinaMartinezEsq@gmail.com

*Attorney for the Plaintiff*

i

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES …………………………………………………… iii

PRELIMINARY STATEMENT …………………………………………………… 1

BACKGROUND …………………………………………………….…….. 1

STANDARD OF LAW ……………………………………………….…… 3

ARGUMENT …………………………………………………………… 4

    I.     SUMMARY JUDGMENT SHOULD BE GRANTED TO
            THE PLAINTIFF ON THE ISSUE OF UNDUE HARDSHIP. ….……. 4

        A.  Defendant's Undue Hardship Defense Is Precluded by
            Binding Rule 36 Admissions. ……………………………………… 4

        B.  Defendant's Rule 56.1 Responses Fail to Create Any
            Genuine Dispute of Material Fact. …………….……………….. 7

        C.  Summary Judgment is Proper Because There Are No
            Issues of Material Fact. ……………………………………… 17

        D.  The Defendant's Undue Hardship Defense Fails as a
            Matter of Law ………………………………………….…. 20

    II.    RECONSIDERATION IS WARRANTED TO PREVENT
            MANIFEST INJUSTICE. ………………………………….…. 24

CONCLUSION …………………………………………………….…… 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anderson v. Gen. Dynamics Convair Aerospace Div., 589 F.2d 397 (9th Cir. 1978) …. 21

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ………………………………… 7

Anwar v. Fairfield Greenwich Ltd., 745 F. Supp. 2d 379 (S.D.N.Y. 2010)  ………… 4, 24

Arce v. Sovereign Indus. Grp. Inc., 2025 WL 102449 (E.D.N.Y. Jan. 15, 2025) ………. 5

Argila v. Mach Group, Inc., 740 F. Supp. 3d 128 (E.D.N.Y. 2024) …………………….. 24

Barton v. Metro. Gov't of Nashville and Davidson Cty.,
2022 WL 989100 (M.D. Tenn. Mar. 31, 2022) ……………………………………………… 20

Brown v. Polk Cnty., Iowa, 61 F.3d 650, 655 (8th Cir.1995) …………………………… 22

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) …………………………………… 17

Coventry Cap. US LLC v. EEA Life Settlements Inc.,
439 F. Supp. 3d 169 (S.D.N.Y. 2020) …………………………….………………………… 24

Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir.1999) ……………… 4

Donovan v. Carls Drug Co., 703 F.2d 650, 651 (2d Cir.1983) …………………..……… 4

E.E.O.C. v. Alamo Rent-A-Car LLC, 432 F. Supp. 2d 1006 (D. Ariz. 2006) ………..… 21

F.D.I.C. v. Giammettei, 34 F.3d 51, 54–55 (2d Cir. 1994) ……………………………… 17

García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638 (1st Cir. 2000) ………………. 18

Geller v. Hochul, No. 20 CIV. 4653 (ER), 2021 WL 4392521 (S.D.N.Y. Sept. 24, 2021),
aff'd in part, appeal dismissed in part, WL 221725 (2d Cir. Jan. 18, 2023) …………….. 16

Glazer v. Formica Corp., 964 F.2d 149, 154 (2d Cir. 1992) ……………………………….. 7

Groff v. DeJoy, 600 U.S. 447 (2023)……………………………………………… 11, 20, 21

Joffe v. King & Spalding LLP, 2020 WL 3453452 (S.D.N.Y. June 24, 2020) …..…… 15, 16

iii

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

Lester v. M&M Knopf Auto Parts, 2006 WL 2806465 (W.D.N.Y. Sept. 28, 2006) …..…. 8

Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985) ……………………………………… 19

Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir.2000) …………………………………. 8

Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir.1966) …………………….. 5

Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't Agency,
811 F. Supp. 2d 713, 765 (S.D.N.Y. 2011), amended on reconsideration (Aug. 8, 2011).. 25

Schoolcraft v. City of New York, 298 F.R.D. 134  (S.D.N.Y. 2014) ……………………. 25

SEC v. Batterman, 2002 WL 31190171, *4–6 (S.D.N.Y.2002)  ………………………… 4

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ………………………… 24

Smith v. Pyro Min. Co., 827 F.2d 1081, 1086 (6th Cir. 1987) …………..…………… 22

Strougo v. Barclays PLC, 334 F. Supp. 3d 591 (S.D.N.Y. 2018) ……………………… 24

Sughrim v. New York, 690 F. Supp. 3d 355, 380 (S.D.N.Y. 2023) ………………… 18, 19

Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1492 (10th Cir. 1989) ……………………. 22

Tooley v. Martin–Marietta Corp., 648 F.2d 1239 (9th Cir.) ……………………………. 22

U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3,
2006 WL 2136249 (S.D.N.Y. Aug. 1, 2006) ……………………………………………. 8

U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 182 F.R.D. 97 (S.D.N.Y. 1998),
aff'd, 241 F.3d 135 (2d Cir. 2001) …………………………………………………….. 3

Williams v. Cnty. of Nassau, 779 F. Supp. 2d 276, 279 (E.D.N.Y. 2011),
aff'd, 581 F. App'x 56 (2d Cir. 2014) ………………………………………………….. 3

**Statutes**

Fed.R.Civ.P. 56 ……………………………………………………………….. 4, 9

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Other Authorities**

29 C.F.R. § 1605.2 ………………………………………………….…..…. 21

29 C.F.R. 1630.2 ………………………………………………….…..…… 21

L.Civ.R. 56.1 ………………………………………………….………….. 7, 8

v

## PRELIMINARY STATEMENT

Plaintiff brings this narrowly tailored motion for reconsideration pursuant to Local Civil Rule 6.3, solely on the limited issue of Defendant's ability to maintain an undue hardship defense at trial in light of binding Rule 36 and Rule 56 admissions. Plaintiff greatly respects the Court's thorough consideration of the parties' positions and submits this request only to ensure that critical, dispositive facts already in the record—namely, Requests for Admission that were properly served, never answered, and thus deemed conclusively admitted—are not inadvertently overlooked. These admissions negate any genuine dispute as to undue hardship. In addition, many of the facts set forth in Plaintiff's Rule 56.1 Statement of Material Facts were deemed admitted under Rule 56 and Local Civil Rule 56.1(c), as Defendant either failed to deny them outright or failed to properly cite any supporting evidence in response. Plaintiff is not seeking to relitigate prior arguments or to present new theories; rather, this motion brings the Court's attention to dispositive Rule 36 Admissions already in the record and relied upon in Plaintiff's Rule 56.1 Statement and supporting declaration, as well as facts deemed admitted as uncontroverted under Rule 56 and Local Rule 56.1(c). Plaintiff respectfully submits that, had these binding admissions been expressly considered in the Court's Memorandum & Order, summary judgment would have been appropriate on this discrete issue of undue hardship.

## BACKGROUND

On October 5, 2024, Plaintiff served his First Requests for Admission on Defendant. During a discovery meet-and-confer on October 31, 2024, the parties discussed the Requests, and Defendant's counsel agreed to provide responses. Plaintiff's counsel confirmed this agreement by email the same day. Despite repeated follow-up emails on December 2, 3, 5, 6, 9, and 12, 2024—including a specific warning that the Requests would be deemed admitted under Rule

1

36(a)(3)—Defendant failed to respond. On December 12, 2024, Defendant's counsel acknowledged the Requests and stated that responses would be served by January 3, 2025. No responses were ever served. Accordingly, the Requests are deemed admitted pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.

On April 30, 2025, the Plaintiff filed a pre-motion letter requesting leave to move for summary judgment. ECF Doc. No. 79. All of the above facts regarding the Rule 36 admissions were explained and presented in the attached Declaration of Christina Martinez in Support of Plaintiff's Motion for Summary Judgment submitted on April 30, 2025 (ECF Doc No. 79-2, ¶4(c) at p. 2). Plaintiff also filed his Plaintiff's Rule 56.1 Statement (ECF Doc. No. 79-1) with supporting exhibits, which incorporated and cited to these Rule 36 admissions.

The Defendant likewise filed a pre-motion letter requesting leave to move for summary judgment on April 30, 2025. ECF Doc. No. 78.

In opposition to the Plaintiff's Rule 56.1 Statement of Material Facts, the City submitted Defendant's Responses to Plaintiff's Loc. R. Civ. P. 56.1 Statements. ECF Doc. No. 81-1[1]. In its Responses to Plaintiff's Rule 56.1 Statement, Defendant addressed key facts relevant to the undue hardship analysis—particularly those concerning the feasibility of weekly PCR testing and the impact of Plaintiff's prior COVID-19 infection—in one of three ways: (1) admitting the facts outright; (2) denying them without citing any supporting evidence; or (3) improperly objecting

---

[1] Defendant's responses to Plaintiff's Local Rule 56.1 Statement (hereinafter "SOMF") appear to become misaligned beginning after paragraph 25. Specifically, Defendant's Response No. 27 corresponds to Plaintiff's Paragraph No. 26, and this offset continues throughout the a majority of the document, although at some point the error is corrected. As a result, the numbering in Defendant's response is often one number ahead of Plaintiff's corresponding paragraph, which may create confusion for the Court. For clarity and ease of reference, Plaintiff cites to both the correct paragraph numbers from Plaintiff's SOMF and the corresponding (though occasionally misnumbered) responses from Defendant.

2

without actually denying the facts. Notably, in dozens of instances, Defendant merely objected to Plaintiff's statements without offering any denial or contrary evidence, in clear violation of Local Rule 56.1.ECF Doc. No. 81-1 ¶¶59, 60, 65, 66, 69-75, 77-85, 95-100, 103-106, 111-114, 117.

On June 2, 2025, the Court converted the parties' pre-motion letters into cross-motions for summary judgment and decided on the parties' summary judgment motions. ECF Doc. No. 83. The Court denied the Defendant's summary judgment motion in total and granted Plaintiff's motion for summary judgment on the second and third prongs of Plaintiff's *prima facie* case. Id. The Court denied Plaintiff's motion for summary judgment on the first prong of the *prima facie* case and Defendant's undue hardship defense. Id.

The Plaintiff moves for reconsideration solely regarding the Court's denial of Plaintiff's motion for summary judgment on the Defendant's undue hardship defense.

## **STANDARD OF LAW**

A motion for reconsideration "under Local Civil Rule 6.3, provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice." U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 182 F.R.D. 97, 100 (S.D.N.Y. 1998), aff'd, 241 F.3d 135 (2d Cir. 2001). The Second Circuit has held that the standard for granting a motion to reconsider "is stringent, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Williams v. Cnty. of Nassau, 779 F. Supp. 2d 276, 279 (E.D.N.Y. 2011), aff'd, 581 F. App'x 56 (2d Cir. 2014) (internal citations and quotations omitted).

3

Reconsideration of a previous order by the court lies squarely within the court's sound discretion. Anwar v. Fairfield Greenwich Ltd., 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) (quoting Devlin v. Transp. Comm'ns Int'l Union, 175 F.3d 121, 132 (2d Cir.1999). The Plaintiff respectfully avers that the Court should exercise that discretion here.

## ARGUMENT

I.    **SUMMARY JUDGMENT SHOULD BE GRANTED TO THE PLAINTIFF ON THE ISSUE OF UNDUE HARDSHIP.**
      ### A.  Defendant's Undue Hardship Defense Is Precluded by Binding Rule 36 Admissions

Under Rule 36, "[a] party may serve upon any other party a written request for the admission ... of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a). In addition,

> [e]ach matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Id.

A party's admissions pursuant to Rule 36, including admissions derived from a party's failure to respond, may be used for Rule 56 summary judgment. SEC v. Batterman, 2002 WL 31190171, *4–6 (S.D.N.Y.2002) (unanswered requests deemed admitted and used as basis for summary judgment); see Donovan v. Carls Drug Co., 703 F.2d 650, 651 (2d Cir.1983), rejected on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133–34, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). It is "well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive."

4

Arce v. Sovereign Indus. Grp. Inc., No. 19-CV-489 (NGG) (JRC), 2025 WL 102449, at *4 (E.D.N.Y. Jan. 15, 2025) (quoting Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir.1966).

The following facts are deemed admitted pursuant to Rule 36 based on the Defendant's failure to respond to the Plaintiff's Requests for Admission:

1. Weekly testing was a feasible accommodation.[2]

2. Weekly COVID-19 testing reduces the likelihood of spreading COVID-19 in the workplace.[3]

3. FDNY employees assigned to the Fire Department Operations Center (FDOC) who were granted either religious or medical accommodations to the Vaccine Mandate were permitted to continue working without being vaccinated.[4]

4. FDNY did not consider the granting of religious or medical accommodations to FDNY firefighters as creating an undue hardship for the FDNY.[5]

5. FDNY employees who were permitted to submit weekly COVID-19 testing while their religious or medical accommodation requests were pending did not pose a significant threat to workplace safety or FDNY's ability to operate.[6]

6. FDNY employees who were permitted to submit weekly COVID-19 testing while their religious or medical accommodation requests were pending did not pose a significant

---

[2] SOMF ¶39 (Ex 8, FAQs at ¶32; Ex. 3, Pl.'s Requests for Admission, No. 31, deemed admitted).
[3] SOMF ¶ 40 (Ex. 3, Pl.'s Requests for Admission, No. 45, deemed admitted).
[4] SOMF ¶99 (Ex. 3, Pl.'s Requests for Admission, No. 28, deemed admitted).
[5] SOMF ¶100 (Ex. 3., Pl.'s Requests for Admission, No. 5, 8, deemed admitted).
[6] SOMF ¶34 (Ex. 3, Pl.'s Requests for Admission, No. 13-14, deemed admitted).

5

threat to workplace safety.[7]

7. Plaintiff was allowed to continue working in his same Light Duty assignment (at FDOC), while submitting weekly PCR testing, during his accommodation request and appeal were pending, from October 2021 until his termination at the end of July of 2022.[8]

8. FDNY firefighters who were granted religious or medical accommodations to the Vaccine Mandate remained in their existing job positions and did not have a change in title or reassignment as a result of the accommodation.[9]

9. Natural immunity following a COVID-19 infection provides similar protection against infection with COVID-19 as the COVID-19 vaccine.[10]

10. Natural immunity to COVID-19 reduces the likelihood of spreading COVID-19 in the workplace.[11]

Taken together, these facts—deemed admitted pursuant to Rule 36 due to Defendant's failure to respond—combined with additional facts the City affirmatively admitted in its Rule 56.1 Counterstatement, foreclose any genuine dispute as to undue hardship. Specifically, they establish that weekly PCR testing was a feasible and effective accommodation, and that such accommodations did not pose any significant threat to safety or operations. When viewed in light of Plaintiff's documented natural immunity from recent COVID-19 infection—unrefuted by Defendant—the conclusion is inescapable: allowing Plaintiff to continue weekly testing could

---

[7] SOMF ¶ 103 (Citing Ex. 3, Pl.'s Requests for Admission, No. 13, deemed admitted)
[8] SOMF ¶ 33 (Citing Ex. 5, Nguyen 132:11-133:9; 158:2-21; 228:19-229:2; Ex. 3, Pl.'s Requests for Admission, No. 29-30, deemed admitted)
[9] SOMF ¶ 98 (Citing Ex. 3, Pl.'s Requests for Admission, No. 27, deemed admitted)
[10] SOMF ¶ 110 (Citing Ex. 3, Pl.'s Requests for Admission, No. 37, deemed admitted).
[11] SOMF ¶ 111 (Citing Ex. 3, Pl.'s Requests for Admission, No. 44, deemed admitted).

6

not have imposed any hardship, let alone the "substantial increased cost" or disruption required under <u>Groff</u>. Defendant has failed to carry its burden on the undue hardship defense, and summary judgment must be granted.

### B. Defendant's Rule 56.1 Responses Fail to Create Any Genuine Dispute of Material Fact

Local Civil Rule 56.1 provides the method by which parties are to set their factual disputes before district courts in the Southern and Eastern Districts of New York. Under the rule, assertions in the moving party's statement of material facts "will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). Every statement in the parties' Local Rule 56.1 submissions "including each statement denying and controverting any statement of material fact, must be followed by citation to evidence." Local Civil Rule 56.1(d).

"When a party has moved for summary judgment ... and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." <u>Glazer v. Formica Corp.</u>, 964 F.2d 149, 154 (2d Cir. 1992). To properly controvert the Plaintiff's statement of material facts in order to defeat summary judgment, the City "must adduce sufficient evidence to permit a reasonable jury to return a verdict in his favor." <u>Id.</u> (<u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986)). However, the City did not deny at least thirty-five of the Plaintiff's statements of material facts, making general objections to relevance and citing to no supporting evidence at all to refute the Plaintiff's statements. ECF Doc. No. 81-1 ¶¶59, 60, 65, 66, 69-75,

7

77-85, 95-100, 103-106, 111-114, 117. Additionally, the City denied certain facts with absolutely no citations to the record.

In light of the City's "express failure to properly controvert" Plaintiff's statement of facts, this Court should "deem those factual assertions admitted to the extent they are supported by the record evidence". <u>Lester v. M&M Knopf Auto Parts</u>, No. 04-CV-850S, 2006 WL 2806465, at *2 (W.D.N.Y. Sept. 28, 2006) (<u>citing</u> Local Rule 56.1(c)). The Second Circuit has held that summary judgment is appropriate where the non-movant fails to properly deny the moving party's statement of material facts in accordance with Local Rule 56.1, resulting in those facts being deemed admitted. <u>Millus v. D'Angelo</u>, 224 F.3d 137, 138 (2d Cir.2000). In <u>Millus</u>, the Second Circuit affirmed summary judgment based on the uncontroverted facts. <u>Id</u>.

In <u>U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3</u>, 2006 WL 2136249, at *3–4 (S.D.N.Y. Aug. 1, 2006), the court struck paragraphs of the plaintiffs' Rule 56.1 counterstatement because they objected to the moving party's asserted facts without admitting or denying them, and without citing any record evidence. The court held that "[a] non-moving party cannot create a factual dispute merely by denying a movant party's factual statement; rather, the non-moving party must identify controverting evidence for the court." <u>Id.</u> at *3 (internal citations omitted). The court emphasized that such objections "thwart the basic purpose of the rule" and deemed the facts admitted under Local Rule 56.1(c). <u>Id.</u> at *4.

Here, the City did the exact same thing. In response to multiple paragraphs in Plaintiff's Statement of Material Facts, the City refused to admit or deny the asserted facts, and instead offered only boilerplate objections—claiming irrelevance, speculation, or materiality—without citing any evidence. ECF Doc. No. 81-1 ¶¶59, 60, 65, 66, 69-75, 77-85, 95-100, 103-106, 111-

8

114, 117. As in <u>U.S. Info. Sys.</u>, this approach violates Local Rule 56.1(c), and the City's failure to properly controvert Plaintiff's asserted facts requires that they be deemed admitted.

Under Fed. R. Civ. P. 56(e)(2), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)", the court may "consider the fact undisputed for purposes of the motion." The Court also may "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it". Fed. R. Civ. P. 56(e)(3). This is precisely what this Court should do here.

The following facts regarding the *Plaintiff's prior COVID-19 infection* are material (in that they affect the outcome of this action under the governing law), are properly supported by the Plaintiff, and are either admitted or uncontroverted by the City who did not deny them:

- Plaintiff had a natural COVID-19 infection on July 5, 2022 and the FDNY had notice of such.[12]

- Plaintiff had natural immunity after his prior COVID-19 infection on July 5, 2022, and did not contract COVID-19 again.[13]

- Natural immunity following a COVID-19 infection provides similar protection against infection with COVID-19 as the COVID-19 vaccine. [14]

---

[12] SOMF ¶107 (Citing Pl.'s Ex. 9, Def. State Ct. Answer ¶25, 101; Ex 23, BHS Examination Report). **Admitted by the City.** ECF Doc. No. 81-1 ¶108.
[13] SOMF ¶108 (Citing Pl.'s Ex. 1, Pl. Dep. 47:4-19). **Admitted by the City** to the extent Plaintiff so testified. ECF Doc. No. 81-1 ¶109.
[14] SOMF ¶110 (Citing Pl.'s Ex. 5, Pl's Requests for Admission, No. 37, deemed admitted). The City did not deny; improperly objected as irrelevant. ECF Doc. No. 81-1 ¶111. Additionally, Don Nguyen testified at his deposition

9

- "Available evidence shows that fully vaccinated individuals and those previously infected with SARS-CoV-2 each have a low risk of subsequent infection for at least 6 months. The immunity provided by vaccine and prior infection are both high but not complete (i.e., not 100%)."[15]

- "[V]accination and/or prior infection" "may offer protection against future infections and COVID-19 hospitalizations" and that "people with a prior diagnosed COVID-19 infection" had "similar to lower levels of infection among vaccinated people ('breakthrough infection') compared to among unvaccinated people".[16]

- Natural immunity to COVID-19 reduces the likelihood of spreading COVID-19 in the workplace.[17]

- The FDNY granted temporary medical accommodations to employees who had recently had a COVID-19 infection because it was advised not to receive the vaccination soon after infection. [18]

- Defendant denied Plaintiff's religious accommodation request on July 11, 2022.[19]

---

that his "general understanding" was that recovering from a natural COVID infection would provide an individual with antibodies. SOMF ¶59 (Ex. 5, Nguyen Dep. 199:16-22).
[15] SOMF ¶112 (Citing Pl.'s Ex. 25, *SARS-CoV-2 Infection-induced and Vaccine-induced immunity*, Centers for Disease Control, October 29, 2021, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/vaccine-induced-immunity.html). City did not deny; improperly objected as irrelevant. ECF Doc. No. 81-1 ¶113.
[16] SOMF ¶111 (Citing Ex. 24, *COVID-19 Reinfection*, New York State Department of Health, https://coronavirus.health.ny.gov/covid-19-reinfection-data (last accessed June 7, 2022). The City did not deny; improperly objected as irrelevant. ECF Doc. No. 81-1 ¶112.
[17] SOMF ¶113 (Ex. 5, Pl.'s Requests for Admission, No. 44, deemed admitted). City did not deny; objected as irrelevant. ECF Doc. No. 81-1 ¶114.
[18] SOMF ¶61 (Ex. 5, Nguyen Dep. 198:7-20; Ex. 8, FAQs ¶24 at p. 8; Ex. 3, Pl.'s Requests for Admission, No. 9, deemed admitted). **The City admitted** that "temporary medical accommodations were given to employees who reported to have recently been diagnosed with COVID-19." ECF Doc. No. 81-1 ¶62. But claimed the reason why was irrelevant. Id.
[19] SOMF ¶120 (Citing Ex. 18, Appeal Denial, p. 1). Admitted by the City. ECF Doc. No. 81-1¶120.

10

- Defendant terminated Plaintiff's employment due to non-compliance with the Vaccine Mandate on July 27, 2022.[20]

- The Vaccine Mandate was lifted on February 9, 2023.[21]

This case presents a uniquely compelling factual record that renders the City's undue hardship defense untenable. Plaintiff contracted and recovered from COVID-19 shortly before his accommodation was denied and he was terminated—a fact documented by the City itself. At that time, both the CDC and the New York State Department of Health publicly acknowledged that prior infection conferred immunity comparable to that provided by vaccination. Despite this, the City offers no evidence whatsoever—in its Statement of Material Facts, Counterstatement, or even its pre-motion letter—to dispute Plaintiff's assertions regarding natural immunity or to demonstrate that allowing weekly testing for this particular employee would pose any burden on FDNY operations, let alone a significant burden as required under Groff v. DeJoy, 600 U.S. 447 (2023). Summary judgment must be granted on this basis alone.

Additionally (and independently), the following facts regarding *the feasibility of weekly PCR testing* are material (in that they affect the outcome of this action under the governing law), are properly supported by the Plaintiff, and are either admitted or uncontroverted by the City who

---

[20] SOMF ¶134 (Citing Ex. 21, Termination Notice; Answer, ECF Doc. No 52 ¶18; Ex. 3, Pl.'s Requests for Admission, No. 15, deemed admitted; Ex. 7, Def. State Ct. Answer ¶189). **Admitted by the City**. ECF Doc. No. 81-1 ¶134.

[21] SOMF ¶135 (Citing *Amendment to Order of the Commissioner of Health and Mental Hygiene to Require COVID-19 Vaccination for City Employees and Certain Contractors*, New York City Department of Health and Mental Hygiene, February 9, 2023, available at https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-city-employees.pdf). Improperly denied by the City with no citation or rationale. ECF Doc. No. 81-1 ¶135.

11

did not deny them or denied them without any support in contravention of both the Federal and

Local Rules of Civil Procedure:

- **FDNY did not consider the granting of religious or medical accommodations to FDNY firefighters as creating an undue hardship for the FDNY**.[22]

- FDNY employees who submitted a request for a religious accommodation by October 27, 2021, were permitted to continue working while their accommodation request was pending, provided they submitted to weekly COVID-19 testing.[23]

- FDNY employees who were permitted to submit weekly COVID-19 testing while their religious or medical accommodation requests were pending did not pose a significant threat to workplace safety.[24]

- FDNY employees who were permitted to submit weekly COVID-19 testing while their religious or medical accommodation requests were pending did not pose a significant

---

[22] SOMF ¶100 (Citing Ex. 3., Pl.'s Requests for Admission, No. 5, 8, deemed admitted). The City confusingly responded: "Defendant denies the allegations set forth in paragraph 101, if the request was based in fact, FDNY granted the accommodation. See Pl.'s Ex. 5, Nguyen Dep 181:5-17". ECF Doc. No. 81-1 ¶101. Nguyen's cited testimony states:

> Q: Okay. Do full-duty firefighters have close contact with the public?
> A: They can. Yes.
> Q: Do full-duty firefighters have close contact with other FDNY employees?
> A: Many do. Yes.
> Q: Okay. Do full-duty firefighters sleep and eat in the firehouse with other firefighters?
> A: Yes.
> Q: Okay. And was FDNY able to accommodate full-duty firefighters with weekly testing and masking?
> A: I believe a small number.

The Defendant's statement – that the FDNY granted an accommodation if the request was based in fact – in no way supports a denial, nor does the cited testimony of Don Nguyen.
[23] SOMF ¶101 (Citing Ex. 3, Pl.'s Requests for Admission, No. 11, deemed admitted; Ex. 5, Nguyen Dep. 226:15-25). **Admitted by City**. ECF Doc. No. 81-1 ¶102.
[24] SOMF ¶ 103 (Citing Ex. 3, Pl.'s Requests for Admission, No. 13, deemed admitted). City did not deny; improperly objected as irrelevant. ECF Doc. No. 81-1 ¶104.

12

threat to workplace safety or on FDNY's ability to operate.[25]

- 1,176 FDNY employees who submitted a request for a reasonable accommodation were permitted to continue working while their accommodation request was pending, provided they submitted to weekly COVID-19 testing.[26] 937 of the 1,1176 employees requested accommodations for religious reasons.[27] This included full duty firefighters[28]. [29]

- Plaintiff was also allowed to continue working in his same Light Duty assignment, while submitting weekly PCR testing, during his accommodation request and appeal were pending, from October 2021 until his termination at the end of July of 2022, which the FDNY considered an accommodation. [30]

- **Weekly testing was a feasible accommodation**.[31]

- Anyone who was granted a reasonable accommodation to the Vaccine mandate was

---

[25] SOMF ¶ 34 (Citing Ex. 3, Pl.'s Requests for Admission, No. 13-14, deemed admitted). City denied with no citation. ECF Doc No. 81-1 ¶35.

[26] SOMF ¶ 32 (Citing Ex 7, State Ct. Answer ¶ 153, 156; Ex. 3, Pl.'s Requests for Admission, No. 11, deemed admitted).

[27] SOMF ¶ 32 (Citing Ex 7, State Ct. Answer ¶156).

[28] SOMF ¶ 32 (Citing Ex. 5, Nguyen Dep. 226:15-20; 227:8-228:13; 226:15-227:1).

[29] Defendant responded by denying "in that it misstates Plaintiff's Ex. 7 which states 'any employee who requested such an accommodation from their agency on or before that date must continue to submit a negative PCR test result within every seven-day period until their requested accommodation or subsequent appeal is decided'." ECF Doc. No 81-1 ¶33. It appears that the City is only clarifying the fact that these employees had to submit a negative PCR test result weekly.

[30] SOMF ¶ 33(Citing Ex. 5, Nguyen 132:11-133:9; 158:2-21; 228:19-229:2; Ex. 3, Pl.'s Requests for Admission, No. 29-30, deemed admitted). The City denies that this was considered an accommodation. ECF Doc. No. 81-1 ¶ 34. The City's denial is unsupported by any citation to the record, whereas Plaintiff cites directly to the deposition testimony of Don Nguyen—FDNY's EEO Director and the individual responsible for reviewing all accommodation requests—who explicitly testified that allowing individuals to remain on payroll pending the vaccine mandate *was* considered an accommodation. Pl.'s SOMF ¶ 34, citing Nguyen Dep. 132:11–133:9.

[31] SOMF ¶39 (Ex 8, FAQs at ¶32; Ex. 3, Pl.'s Requests for Admission, No. 31, deemed admitted).Defendant's response states: "Defendant denies the allegations set forth in paragraph 40 as far as those who were granted reasonable accommodations were allowed to test and mask." It is unclear if the City is admitting that testing and masking together *was* a feasible accommodation, but there is no support cited in their response.

13

granted the accommodation of weekly testing and masking.[32]

- **Weekly COVID-19 testing reduces the likelihood of spreading COVID-19 in the workplace**.[33]

- The FDNY granted religious accommodations to full-duty firefighters.[34]

- The FDNY was able to accommodate full-duty firefighters who engaged in close contact with the public and other FDNY employees, including those who lived, slept, and ate in shared spaces within the firehouse.[35]

- During the Vaccine Mandate, Plaintiff was assigned to Light Duty at 9 Metrotech Center at the Fire Department Operations Center[36] due to a pre-existing medical condition that prevented him from performing full-duty firefighting activities.[37]

- FDNY employees assigned to the Fire Department Operations Center (FDOC) who were granted either religious or medical accommodations to the Vaccine Mandate were

---

[32] SOMF ¶91(Citing Ex. 5, Nguyen Dep. 176:5-24). In response, the City denies this statement, asserting only that "the accommodation was the exemption," without citing any evidence or support whatsoever. ECF Doc. No. 81-1 ¶92. This response is problematic for two reasons. First, if the City's position is that accommodated firefighters were entirely exempt from both vaccination *and* any mitigation measures—such as testing or masking—this would dramatically undercut the City's undue hardship defense by showing that no protective protocols were required of similarly situated employees. Second, under both Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1(d), a party opposing summary judgment must support any denial of a material fact with a citation to admissible evidence. The City's bare denial, unsupported by any record reference, is insufficient and the fact must therefore be deemed admitted.

[33] SOMF ¶40 (Citing Ex. 3, Pl.'s Requests for Admission, No. 45, deemed admitted). The City denied this statement with no citation. ECF Doc. No. 81-1 ¶41.

[34] SOMF ¶88 (Citing Ex. 5, Nguyen Dep. ¶159:12-14). **This is admitted by the City.** ECF Doc. No. 81-1 ¶89.

[35] SOMF ¶90 (Citing Ex. 5, Nguyen Dep. 181:5-17). The City denies claiming this is a "mischaracterization of the testimony of Nguyen" who "clearly stated that it was a 'small number'." ECF Doc. No. 81-1 ¶91. However, the number of firefighters accommodated is irrelevant to the factual point asserted in Plaintiff's statement—namely, that FDNY was able to and did, in fact, accommodate full-duty firefighters who had close contact with others. That is precisely what Nguyen's testimony confirms, regardless of whether he characterized the group as a "small number."

[36] SOMF ¶ 28(Citing Ex. 5, Nguyen Dep. ¶129:5-17; Ex 1, Pl. Dep. 32:25-6; 28:5-17; Ex. 6, FDNY Revised Light Duty Detail; Ex 7, Def. State Court Answer at ¶¶3, 11). **Admitted by the City**. ECF Doc. No. 81-1 ¶29.

[37] SOMF ¶ 28 (citing Ex. 3, Pl.'s Requests for Admission, No. 19-25, deemed admitted). **Admitted by the City**. ECF Doc. No. 81-1 ¶29.

14

permitted to continue working without being vaccinated. [38]

The City's undue hardship defense is unsupported by a single fact in the record. It's sole[39] argument regarding undue hardship in its opposition to the Plaintiff's pre-motion letter is that "alternatives, such as masking and/or testing would also impose an undue hardship on Defendant's operations by posing a danger to the safety and health of Plaintiff's coworkers, as well as the city at large". ECF Doc. No. 81 at p. 2. But this assertion is entirely conclusory—Defendant cites no evidence in its Statement of Material Facts, its Counterstatement, or anywhere else in the record. The two cases it relies upon (ECF Doc. No. 81 at p. 2) do not support its position:

In <u>Joffe v. King & Spalding LLP</u>, 2020 WL 3453452 (S.D.N.Y. June 24, 2020), the court denied a request for in-person depositions during the early pandemic, reasoning that the marginal utility of in-person testimony from cumulative, non-party witnesses did not justify the burden of requiring them to travel by airplane and testify in person. <u>Id.</u> at *5-6. The plaintiff proposed that witnesses could wear masks and socially distance, but the court found that doing so would diminish the very purpose of in-person examination stated by the plaintiff—observing demeanor—since masks would obstruct facial expressions and distancing would limit visibility. <u>Id.</u> at *6. Notably, the court did not assess the effectiveness of masking, and only considered that that with regard to social distancing, the six-foot rule might vary depending on environmental

---

[38] SOMF ¶99 (Ex. 3, Pl.'s Requests for Admission, No. 28, deemed admitted). City did not deny; objected as irrelevant. ECF Doc. No. 81-1 ¶100.

[39] The City also made one other argument on undue hardship – that "allowing any of the Plaintiffs to be exempt from the City's vaccine mandate would have constituted an undue hardship because such exemptions would have violated the Order issued by the Commissioner of the New York City Department of Health and Mental Hygiene" (ECF Doc. No. 81 at p. 2-3) – which the Court rejected as "frivolous". ECF Doc. No. 83 at p. 8 n. 4.

15

conditions and was not a sufficient justification in that context. Id. at *7. The court did not analyze undue hardship under Title VII or Groff, and did not address weekly testing or natural immunity. Id. at *5-8. The decision has no bearing on whether Plaintiff's proposed accommodations would have imposed a significant cost or burden on the City. The City has identified no such evidence anywhere in the record.

In the second case cited by the City, Geller v. Hochul, No. 20 CIV. 4653 (ER), 2021 WL 4392521, at *1 (S.D.N.Y. Sept. 24, 2021), aff'd in part, appeal dismissed in part, No. 21-2514-CV, 2023 WL 221725 (2d Cir. Jan. 18, 2023), the court addressed a constitutional challenge to the government's restriction of outdoor gathering to ten or twenty-five individuals at a time. There, as the City indicated here, the court there took judicial notice that COVID-19 was a dangerous disease. Id. at n. 3. Vaccination was not at issue, nor was the efficacy of alternative mitigation strategies like PCR testing, reassignment, remote work, or natural immunity. In fact, the case undercuts the City's position: the City agreed not to enforce its restriction so long as the plaintiffs followed basic safety measures, including standing six feet apart and wearing face coverings. Id. at *4. This demonstrates that, at least in the context of public gatherings, the City itself acknowledged that such alternative strategies *were* effective. Nonetheless, the case has nothing to do with Title VII, religious accommodations, or undue hardship—and certainly does not support the City's claim that accommodations like weekly PCR testing would impose a significant burden in this case.

Neither case cited by the City stands for the proposition that weekly testing or similar alternatives would impose an undue hardship. In contrast, Plaintiff has submitted ample factual support—including multiple Requests for Admission deemed admitted under Rule 36 and

16

numerous admitted and undisputed statements of material fact under Rule 56.1—showing that weekly PCR testing was a feasible accommodation. Additionally and independently, Plaintiff's produced unrefuted evidence that Plaintiff's prior COVID-19 infection conferred similar protection to vaccination. The City offers *nothing* to rebut these facts! It is well-settled that a party may prevail at summary judgment on an affirmative defense where the defendant has offered no evidence to support an essential element of that defense. This is precisely that case.

### C.  Summary Judgment is Proper Because There Are No Issues of Material Fact

"Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing 'that there is an absence of evidence to support an essential element of the non-moving party's case." F.D.I.C. v. Giammettei, 34 F.3d 51, 54–55 (2d Cir. 1994) (affirming summary judgment with respect to affirmative defense) (internal citations and quotations omitted). As the Supreme Court has explained, when a party fails to produce evidence on an essential element of its claim or defense, there can be "no genuine issue as to any material fact," because such a failure "necessarily renders all other facts immaterial." Id. at 54-55 quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This principle applies equally to affirmative defenses: where the defendant bears the burden of proof—as it does with undue hardship—and fails to offer any supporting evidence, summary judgment must be granted against it. Here, the City has entirely failed to produce any evidence— through its Rule 56.1 Statement or Counterstatement, admissible materials, or otherwise— showing that Plaintiff's proposed accommodation of weekly PCR testing would result in a significant cost or operational burden. That evidentiary void is dispositive.

17

In <u>García-Ayala v. Lederle Parenterals, Inc.</u>, 212 F.3d 638, 648–49 (1st Cir. 2000), the First Circuit granted summary judgment in favor of the plaintiff on the defendant's undue hardship defense in an ADA failure-to-accommodate case. The plaintiff had requested extended unpaid leave beyond the employer's one-year policy, and the employer argued that it would create an undue hardship to allow him to remain on unpaid leave for longer than one year. <u>Id.</u> at 649. Crucially, the court held that because the employer bore the burden of proving undue hardship, and failed to present any evidence in opposition to the plaintiff's summary judgment motion on the key factors—cost of the accommodation, effect on expenses and resources, impact on the operation of the facility, and impact on the business—there was "no basis for the court to do other than enter judgment for [the plaintiff]." <u>Id.</u> at 649. The court held: "As it was the employer's burden to produce evidence of hardship, we hold that it must bear the responsibility for the absence of such evidence here." <u>Id.</u> at 649. The court emphasized that "[u]ndue hardship are not limited to financial impacts; the term includes accommodations that are unduly extensive, substantially disruptive, or that would fundamentally alter the nature or operation of the business." <u>Id.</u> at 650. Like in <u>García-Ayala</u>, the City offered no evidence on the specific factors relevant to undue hardship, thus there is no basis for the Court to do other than grant summary judgment to the Plaintiff.

In <u>Sughrim v. New York</u>, 690 F. Supp. 3d 355, 380 (S.D.N.Y. 2023), the court granted summary judgment to the plaintiffs on their Title VII failure to accommodate claims, and held that summary judgment was warranted "because no reasonable juror could conclude that [the defendant] has experienced, or will experience, undue hardship by continuing to allow [plaintiffs] to wear one-inch beards". The defendant argued that allowing plaintiffs to wear a

18

beard would impose an "undue hardship on facility operations" because staff needed to properly fit a respirator or safety equipment in emergencies. Id. at 380. The court rejected this safety justification because the defendants allowed all security staff to wear one-inch beards in November for "No Shave November," and also allowed officers who were vaccinated with the COVID-19 vaccine to wear one-inch beards as part of the defendant's COVID-19 vaccine inventive policy. Id. at 380. The court concluded that: "Given those policies, there is simply no basis to conclude that granting [plaintiff]'s requests to wear one-inch beards poses, or would pose, an undue hardship". Id. at 380. Likewise here, where the FDNY permitted over a thousand employees to work unvaccinated under the same testing protocol Plaintiff proposed, and offered no facts to distinguish his case or show a resulting burden, no reasonable juror could find an undue hardship.

The City cannot defeat summary judgment merely by invoking the phrase "undue hardship" without offering any admissible evidence to support it. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985) ("The summary judgment rule would be rendered sterile ... if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion."). As with claims of intent, "undue hardship" cannot be used as a talismanic phrase to sidestep the evidentiary burden imposed by Groff and Rule 56. Indeed, the Second Circuit has noted that "the salutary purposes of summary judgment-avoiding protracted, expensive and harassing trials-apply no less to discrimination cases than to commercial or other areas of litigation." Id.

Defendant offers no evidence to dispute the fact that allowing Plaintiff—who had recently recovered from COVID-19—to continue working while submitting to weekly testing

19

reduced the likelihood of viral transmission in the workplace. Defendant provides no data, no testimony, and no factual support of any kind regarding operational burden, cost, or risk. Without such a factual showing, Defendant cannot merely invoke the phrase "undue hardship" to survive summary judgment. Where the record is devoid of any evidence that *accommodating* Plaintiff—whose natural immunity provided protection comparable to vaccination—would have imposed a substantial burden on FDNY operations, no reasonable jury could find in the City's favor, and summary judgment must be granted.

### D.  The Defendant's Undue Hardship Defense Fails as a Matter of Law

"[U]ndue hardship is shown when a burden is substantial in the overall context of an employer's business." Groff v. DeJoy, 600 U.S. 447, 468, 143 S. Ct. 2279, 2294, 216 L. Ed. 2d 1041 (2023). To prove undue hardship, "an employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." Groff v. DeJoy, 600 U.S. 447, 470, 143 S. Ct. 2279, 2295, 216 L. Ed. 2d 1041 (2023). "Courts must apply the test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." Id. at 470–71 (internal quotations and citations omitted). "[W]hether [Employer] accommodated employees with similar job duties is probative to whether [Employee's] requested accommodations imposed an undue burden on [Employer]." Barton v. Metro. Gov't of Nashville and Davidson Cty., 2022 WL 989100, at *3 (M.D. Tenn. Mar. 31, 2022) (considering other employees' time off when evaluating whether plaintiff's requested accommodation for time off due to religious beliefs was an undue hardship).

20

The City's failure to produce any facts regarding weekly PCR testing or Plaintiff's prior COVID infection is fatal on summary judgment. "A refusal to accommodate is justified only when an employer . . . can demonstrate that an undue hardship would in fact result *from each available alternative method of accommodation*." 29 C.F.R. § 1605.2(c); see also 29 C.F.R. 1630.2(r) ("Direct Threat means a significant risk of substantial harm to the health or safety of the individual or others *that cannot be eliminated or reduced by reasonable accommodation*") (emphasis added). "[A]n employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." Groff v. DeJoy, 600 U.S. 447, 470, 143 S. Ct. 2279, 2295, 216 L. Ed. 2d 1041 (2023). This Court simply has no facts from the Defendant on any of the relevant factors "including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." Id. at 470-71.

An employer cannot survive summary judgment by invoking undue hardship in the abstract. They must point to specific evidence demonstrating how the proposed accommodation would cause concrete disruption, expense, or risk. Undue hardship cannot be proved by assumptions nor by opinions based on hypothetical facts. E.E.O.C. v. Alamo Rent-A-Car LLC, 432 F. Supp. 2d 1006, 1016-1017 (D. Ariz. 2006) (held employer did not present genuine issues of material fact on its burden to show that it could not accommodate the plaintiff's religious beliefs and granting summary judgment to plaintiff) (citing Anderson v. Gen. Dynamics Convair Aerospace Div., 589 F.2d 397, 402 (9th Cir. 1978); see also 29 C.F.R. 1630.2(r) ("assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.").

21

Any proffered hardship must be *actual*; "[a]n employer...cannot rely merely on speculation." Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1492 (10th Cir. 1989); Smith v. Pyro Min. Co., 827 F.2d 1081, 1086 (6th Cir. 1987) ("An employer must… present evidence of undue hardship; it cannot rely merely on speculation."); Tooley v. Martin–Marietta Corp., 648 F.2d 1239, 1243 (9th Cir.) ("A claim of undue hardship cannot be supported by merely conceivable or hypothetical hardships.... The magnitude as well as the fact of hardship must be determined by examination of the facts of each case."); see also Brown v. Polk Cnty., Iowa, 61 F.3d 650, 655 (8th Cir.1995) (collecting cases) (any asserted hardship "must be 'real' rather than 'speculative' " and cannot therefore be proven by assumptions or "opinions based on hypothetical facts").

Here, the City cannot overcome summary judgment because it identifies no evidence—let alone specific or objective evidence—demonstrating that *accommodating* Plaintiff would have imposed a substantial burden on FDNY operations. It has offered nothing to show how allowing Plaintiff to continue *weekly PCR testing*, as he had done for nine months prior, would have created any cost, disruption, or safety risk. Nor does the City explain how accommodating Plaintiff—who had just recovered from COVID-19 and thus had natural immunity equivalent to or greater than that provided by vaccination—would have posed any threat to workplace safety or operational efficiency. This complete absence of evidence is fatal. Under Groff and decades of Title VII case law, an employer cannot defeat summary judgment by resting on speculation, assumptions, or conclusory assertions of hardship. It must produce concrete facts showing actual, case-specific burdens. Because the City has done none of this, citing to absolutely nothing, it cannot meet its burden on undue hardship, and summary judgment must be granted.

22

The City's actual practice also makes its current claims of undue hardship ring particularly hollow. By its own admission, the FDNY accommodated at least 1,176 employees—including full-duty firefighters—by permitting them to submit weekly PCR tests in lieu of vaccination, and Plaintiff himself did so continuously from October 2021 through July 2022. In fact, every firefighter who was granted a reasonable accommodation was permitted to work under this exact protocol. It is therefore untenable for the City to now claim that allowing Plaintiff to continue testing would constitute a significant burden—especially when it offers *no evidence* explaining why such testing was safe and acceptable for over nine months, yet suddenly became an undue hardship as of July 2022.

Nor does the City point to any difference between Plaintiff and the other full-duty firefighters it accommodated—individuals who, unlike Plaintiff, had frequent and direct contact with the public and vulnerable populations. The City concedes that Plaintiff did not engage in fire suppression or emergency response. The City repeatedly asserts in its Rule 56.1 responses that the FDNY granted accommodations to only a "small number" of employees. Yet it offers no facts whatsoever to explain why those accommodations were deemed safe and manageable, while granting the same accommodation to Plaintiff—who had less public contact—would allegedly impose a significant burden. This unexplained inconsistency fatally undermines the City's undue hardship defense. Without any factual showing that Plaintiff's continued testing posed a greater risk or cost than the others who were accommodated, the City cannot meet its burden under <u>Groff</u> to demonstrate that the proposed accommodation would impose more than a de minimis burden—let alone a significant one.

23

**II.    Reconsideration is Warranted to Prevent Manifest Injustice.**

In <u>Strougo v. Barclays PLC</u>, 334 F. Supp. 3d 591, 593-94, 597 (S.D.N.Y. 2018), the court initially denied summary judgment based on pre-motion letter briefing, but reversed on reconsideration, holding that exceptional circumstances warranted correction where the factual assertions previously relied upon were unsupported. The procedural posture is analogous here. As in <u>Strougo</u>, the Court denied summary judgment at the pre-motion stage. Plaintiff now seeks reconsideration to prevent manifest injustice, based on dispositive, unrebutted admissions under Rules 36 and 56 that materially alter the conclusion reached in the Court's June 2, 2025 Order.

Reconsideration is appropriate where omission results from procedural posture rather than true waiver. <u>See</u> <u>Anwar v. Fairfield Greenwich Ltd.</u>, 745 F. Supp. 2d 379, 384 (S.D.N.Y. 2010) (Plaintiff referenced the Rule 36 admissions in the 56.1 Statement and declaration, but the constraints of pre-motion letters prevented full development. Additionally, many facts were deemed admitted under Local Rule 56.1. Denying summary judgment on this record would elevate form over substance and result in manifest injustice. <u>See also</u> <u>Coventry Cap. US LLC v. EEA Life Settlements Inc.</u>, 439 F. Supp. 3d 169, 175 (S.D.N.Y. 2020) (quoting <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995)).

In <u>Argila v. Mach Group, Inc.</u>, 740 F. Supp. 3d 128, 134–35 (E.D.N.Y. 2024), Judge Matsumoto granted reconsideration where the moving party failed to address a critical point in their original papers. This case presents a stronger record. Plaintiff did not omit facts or arguments—on the contrary, the binding admissions appeared in the Rule 56.1 Statement and supporting declaration. Reconsideration is warranted not to raise new facts, but to ensure the Court's ruling reflects what is already in the record. <u>See</u> <u>Nat'l Day Laborer Org. Network v. U.S.</u>

24

Immigr. & Customs Enf't Agency, 811 F. Supp. 2d 713, 765 (S.D.N.Y. 2011), amended on reconsideration (Aug. 8, 2011) (granting motion for reconsideration even though movant "provided very little guidance to enable" court to ascertain fact on original motion in order to prevent clear error).

 Plaintiff understands that reconsideration of a court's prior order under Local Rule 6.3 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (internal citations omitted). However, reconsideration is warranted here to prevent the manifest injustice of requiring Plaintiff to defend against an undue hardship defense that is already precluded by binding Rule 36 and Rule 56 admissions. Moreover, because Plaintiff intends to file a motion *in limine* concerning the deemed admissions, addressing the issue now—at the summary judgment stage—would promote judicial efficiency and conserve resources by avoiding unnecessary pretrial litigation on a defense that cannot be sustained as a matter of law.

### **CONCLUSION**

 For the foregoing reasons, Plaintiff requests that the Court grant Plaintiff's motion to for reconsideration of the Memorandum & Order entered on June 2, 2025, and upon reconsideration grant summary judgment to the Plaintiff on the Defendant's undue hardship defense.

Dated: Staten Island, New York   Respectfully submitted,
   June 16, 2025

                 _____
                 Christina Martinez, Esq.
                 Law Offices of Christina M. Martinez
                 245 Bricktown Way, Suite J
                 Staten Island NY 10309
                 *Attorney for the Plaintiff*

25