UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

JAVIER VASQUEZ,

        Plaintiff,

v.

CITY OF NEW YORK,

        Defendant.

**MEMORANDUM & ORDER**
22-CV-05068 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    This is a Title VII case concerning Plaintiff's firing from the FDNY after he refused to receive the COVID-19 vaccine. In a recent Order, the Court granted Plaintiff's motion for summary judgment on two of the three prongs of Plaintiff's *prima facie* case and denied summary judgment on the first prong of the *prima facie* case as well as on Defendant's undue hardship affirmative defense. *See Vasquez v. City of New York*, No. 22-cv-05068, 2025 WL 1560105, at *2–4 (E.D.N.Y. June 2, 2025).[1] The Court denied Defendant's cross-motion on all the same issues. *See id.* Now, Plaintiff has filed a motion for reconsideration concerning the denial of his summary judgment motion with respect to Defendant's undue hardship defense. *See* ECF No. 84. For the reasons explained below, his motion is DENIED.

**LEGAL STANDARD**

    Local Civil Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Under

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when quoting deposition transcripts, where the Court refers to the page number on the native document.

the rule, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). "[A] motion for reconsideration is not a vehicle for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *See Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001). In other words, "a party may not advance new facts, issues or arguments not previously presented to the court." *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999).

## DISCUSSION

Plaintiff's motion fails because nothing he points to "might reasonably be expected to alter the conclusion reached by the court." *Johnson*, 82 F. Supp. 3d at 535–36. The Court assumes familiarity with its prior Order explaining why Plaintiff was not entitled to summary judgment on undue hardship. *See Vasquez*, 2025 WL 1560105, at *3–4. Most importantly, the Court considered the evidence that the FDNY rejected the "vast majority of accommodation requests" and that the FDNY undertook some individualized consideration of Plaintiff's request. *See id.* at *4. Thus, although the Court described Plaintiff's argument as "forceful," it explained that the record was not so "conclusive" so as to permit it to determine that there was no genuine dispute of material fact as to whether accommodating Plaintiff by allowing him to test for COVID infection rather than receive the vaccine would have created an undue hardship, or "substantial increased costs in relation to the conduct of [Defendant's] particular business." *Groff v. DeJoy*, 600 U.S. 447, 470 (2023).

On reconsideration, Plaintiff points to two primary issues. First, he urges the Court to consider various requests for admission ("RFAs") which he says Defendant failed to respond to and therefore should be deemed admitted. *See* ECF No. 84-1 at 9–12. Second, and similarly, he says that Defendant's failure to properly contravene his Local Rule 56.1 statement at summary judgment should also result in certain matters being deemed admitted. *See id.* at 12–22. The problem for Plaintiff is that, assuming without deciding that the matters he highlights should indeed be deemed admitted,[2] they would still fail to demonstrate that there is an "absence of evidence to support an essential element" of the undue hardship defense. *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). The many matters he seeks to be deemed admitted include that "[w]eekly testing was a feasible accommodation"; "[w]eekly COVID-19 testing reduces the likelihood of spreading COVID-19 in the workplace"; Plaintiff had been infected with COVID and obtained "natural immunity" from his infections; and that natural immunity lowered the risk of reinfection and spreading COVID. *See* ECF No. 84-1 at 10–11, 14–16.[3] As previously explained, these points may represent convincing evidence "which may undermine Defendant's proffered public health rationale for denying Plaintiff an accommodation." *Vasquez*, 2025 WL 1560105, at *4. But that assessment belongs to the jury. *See id.*

---

[2] Plaintiff may seek to use any admitted matters arising from the RFAs at trial; Defendant may seek to preclude their admission in whole or in part. The Rule 56.1 statement is not relevant at trial. *See* E.D.N.Y. Loc. R. 56.1(c) (providing the circumstances under which a matter "will be deemed to be admitted *for purposes of the motion*" (emphasis added)).

[3] Plaintiff accuses Defendant of violating the Local Rule by failing to properly contravene his Rule 56.1 statement, but that claim is ironic given that at least some of the matters he seeks to have deemed admitted themselves rely on improper requests. *See* ECF No. 84-1 at 8. For example, he seeks admission of an RFA stating that the "FDNY did not consider the granting of religious or medical accommodations to FDNY firefighters as creating an undue hardship for the FDNY." *Id.* at 10. However, it is well established that RFAs "that call for legal conclusions," especially on ultimate issues like this one, are "manifestly improper." *See Raviv v. Mirror Biologics, Inc.*, No. 22-cv-6847, 2024 WL 2798870, at *28 (S.D.N.Y. May 31, 2024).

3

In contrast, the Court's role at summary judgment is just to determine "whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011). To be sure, Plaintiff claims that Defendant "has entirely failed to produce any evidence . . . showing that Plaintiff's proposed accommodation of weekly PCR testing would result in a significant cost or operational burden." ECF No. 84-1 at 22. But that argument is wrong twice over. First, it misstates the relevant legal standard. The *Groff* Court explicitly declined to adopt the plaintiff's suggestion that it define undue hardship (as under the Americans with Disabilities Act) as presenting "significant difficulty or expense." 600 U.S. at 471.

Second, Plaintiff mischaracterizes the record. As the Court previously explained, the "evidence shows that the FDNY undertook some individualized consideration of Plaintiff's request," referring to testimony in which the FDNY's Assistant Commissioner of Equal Employment Opportunity Don Nguyen testified that Plaintiff, in his light-duty role, worked in an environment "staffed with dozens of folks sitting in a room . . . working with each other and working with other agencies." *Vasquez*, 2025 WL 1560105, at *4 (second quote from ECF No. 79-11 at 131:13–132:9). Notably, Plaintiff fails to grapple with this. And there is more, such as a declaration from Mr. Nguyen submitted in Plaintiff's state court case in which he explained that the FDNY considered that Plaintiff was "a certified first responder who would respond not only to fires but [also] medical emergencies with vulnerable populations of people." ECF No. 78-3 ¶ 43. Plaintiff retorts that the City accommodated similarly situated firefighters. *See* ECF No. 84-1 at 28. That, like many other pieces of evidence, is a solid point for Plaintiff. But it does not prove as a matter of law that accommodating him would not have resulted in an undue burden for Defendant. Rather, it shines light on a disputed factual question for jury resolution.

4

5

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The parties shall proceed to mediation consistent with the Court's June 2, 2025, text order.

SO ORDERED.

<u>/s/ Hector Gonzalez</u><br>
HECTOR GONZALEZ<br>
United States District Judge

Dated: Brooklyn, New York
       June 17, 2025